IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BAILEY JACKSON, an individual, KIM JACKSON, an individual, and DENNING JACKSON, an individual, | No. CV-11-602-HZ |
| Plaintiffs, | OPINION & ORDER |
| v. | |
| RAINIER SCHOOL DISTRICT No. 13, an Oregon public school; R. MICHAEL CARTER, Superintendent, individually and his official capacity; and RAINIER SCHOOL BOARD, an Oregon public school board, | |
| Defendants. | |

Kevin Charles Brague
THE BRAGUE LAW FIRM, LLC

1 - OPINION & ORDER

12972 SW Tearose Way
Tigard, OR 97223

    Attorney for Plaintiffs

Karen M. Vickers
MERSEREAU & SHANNON, LLP
1 SW Columbia, Suite 1600
Portland, OR 97258

    Attorney for Defendants

HERNANDEZ, District Judge:

    Plaintiffs filed for a TRO and preliminary injunction on May 20, 2011.  Dkt. #3.  A TRO issued that same day, effective until May 31st, when oral argument would be heard as to whether a preliminary injunction should issue.  Dkt. #7.  Plaintiffs allege that Defendants treat female and male students disparately when issuing punishment and claim violations of Title IX, ORS § 659.850, Equal Protection Clause/§ 1983, and negligence.  I deny Plaintiffs' request for a preliminary injunction.

BACKGROUND

    Plaintiff Bailey Jackson, along with her parents Plaintiffs Kim and Denning Jackson, request a preliminary injunction so that Bailey can return to Rainier High School.  Bailey was a senior at Rainier High School prior to her expulsion on April 8, 2011.  Decl. of Kim Jackson in Supp. of Mot. for TRO and Prelim. Inj. ("Jackson Decl.") ¶¶3, 20.  Bailey was on the softball team and over spring break this past March, she and her teammates played in a softball tournament in Silverton, Oregon.  Id. at ¶¶4, 7.  They were accompanied by their coach, Patrick White, Plaintiffs Kim and Denning Jackson, and Teresa Caldwell.  Id. at ¶13.

    On the night of March 21st, Coach White went to the hotel room that Bailey was sharing

2 - OPINION & ORDER

with three other teammates. Decl. of Graden Blue in Resp. to Mot. for TRO and Prelim. Inj. ("Blue Decl.") Ex. F ("Coach White Statement"). Ms. Caldwell, one of the chaperones, had been making evening room checks and alerted Coach White that she smelled marijuana. Id. Coach White found some ash that looked like marijuana in the toilet. Id. He left to call Graden Blue, the Vice Principal and Athletic Director for Rainier Jr/Sr High School. Blue Decl. ¶¶1, 7. Vice Principal Blue advised Coach White that Bailey and the other three students should be sent home. Id. at ¶7. Coach White returned to Bailey's hotel room, where she and the other students apologized and admitted to smoking marijuana. Coach White Statement; Decl. of R. Michael Carter in Resp. to Mot. for TRO and Prelim. Inj. ("Carter Decl."), Exs. C, E.

Bailey was suspended pending an expulsion hearing on April 4th. Superintendent R. Michael Carter made the following findings: (1) Bailey possessed and smoked marijuana, (2) the drug use occurred at a school sponsored activity, and (3) Bailey's conduct violated Rainier School District Policy JFCG/JFCH/JFCI. Id. at Exs. E, I. Although Principal Mark Bernhardt recommended a year expulsion, on April 8th, Superintendent Carter expelled Bailey until the end of the school year. Id. at Ex. F. Plaintiffs appealed Superintendent Carter's decision to the Rainier School Board on May 9th, but the expulsion was upheld. Jackson Decl. ¶21. Plaintiffs now request a preliminary injunction to allow Bailey to complete her senior year of high school as a regularly attending student and to graduate with her peers. A hearing was held on May 31st to determine whether a preliminary injunction should be granted. I incorporate the findings that I made during the hearing into this opinion.

## STANDARDS

A party seeking a preliminary injunction "must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).  The plaintiff "must establish that irreparable harm is likely, not just possible."  Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).  The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  Id.  Thus, a party seeking an injunction may show greater irreparable harm as the probability of success on the merits decreases.  Id. (noting also that the relevant test in the Ninth Circuit is described as the "serious questions" test where the likelihood of success is such that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.").

## DISCUSSION

Plaintiffs argue that they are entitled to a preliminary injunction.  Specifically, they argue a likelihood of succeess on the merits because (1) the softball tournament was not a school sponsored activity and (2) Bailey was punished disparately as compared to male students.  I find that neither of these arguments are supported by evidence in the record.  Further, only one of the four factors, irreparable harm, weighs in Plaintiffs' favor.  Plaintiffs are not entitled to a preliminary injunction because the facts do not justify one.

There is no doubt that the softball tournament in Silverton, Oregon was a school sponsored activity.  Several facts support this finding: (1) the students participating in the tournament represented Rainier Jr/Sr High School as a team, not as unconnected individuals, (2) the students wore their school uniforms to represent Rainier Jr/Sr High School, (3) the

4 - OPINION & ORDER

tournament was recognized by the Oregon School Activities Association, (4) Coach White supervised the students at the tournament, and (5) the school coordinated payment of the hotel and meals for the students. Because I find that the softball tournament was a school sponsored activity, Bailey is subject to discipline under the Rainier School District Policy JFCG/JFCH/JFCI with respect to use of drugs.

The underlying basis for all of Plaintiffs' claims is the disparate punishment of female and male students. There simply is no convincing evidence to support this allegation, and thus they are unlikely to succeed on the merits for any of their claims. Defendants have presented a summary of 2010-2011 incidents involving drugs or alcohol and the recommended punishments. Blue Decl. Ex. H. The chart shows that one-year expulsions are consistently recommended for drug and alcohol violations for both male and female students. Id. More compelling is the second declaration from Superintendent Carter that provides the actual punishment received for these students. Second Decl. of R. Michael Carter in Resp. to Mot. for TRO and Prelim. Inj. ("Second Carter Decl.") ¶2(a)-(j). After reviewing this data, I find no pattern of harsher punishment being given to female students in comparison to male students. Plaintiffs have presented evidence of other student misconduct, such as stealing or breaking into school property. However, none of these examples show that male students who commit drug related offenses have been given more lenient punishment simply because they are male. Without evidence of a pattern of such behavior, Plaintiffs are not likely to succeed on their claims.

The irreparable harm at stake here is the ability to participate in a graduation ceremony and other related events. The Court recognizes that a graduation ceremony is indeed a unique event for the student and the parents of the student. This second factor tips in favor of the

Plaintiffs.  As for the third factor, the Court find that the balance of the equities favors Defendants.  Schools districts and boards need the ability to discipline students to combat the serious problem of drug use in our schools.  The Court declines to second guess a school district or board's decision in enforcing its drug policy at a school sponsored activity.  The final factor, the public interest, also favors the Defendants.  It is in the public interest that we allow schools the latitude to deal with illegal drug use by students.  Irreparable harm alone does not justify an injunction, particularly when all the other factors disfavor one.

## CONCLUSION

In addition to the general findings that I made during the hearing on May 31st, I find that the softball tournament was a school sponsored activity and that there is no evidence of disparate punishment between male and female students for drug related offenses.  Therefore, the motion for a preliminary injunction [#3] is denied.

IT IS SO ORDERED.

Dated this   7th   day of June, 2011

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge